IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JOE LOUIS AMERSON                                                                     PLAINTIFF

VS.                                                            CIVIL ACTION NO.3:06cv709-JCS

ROCHEL WALKER                                                                      DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the court on Defendant's motion for summary judgment.  An order of reference to the undersigned was previously entered herein, and the parties have consented to exercise of jurisdiction by the undersigned.  Having considered the motion, Plaintiff's response, and Defendant's rebuttal, the court concludes that the motion should be granted.

Plaintiff is a convicted state inmate who during the relevant time period was incarcerated in the medical unit at Central Mississippi Correctional Facility.  Defendant is the medical director of the prison.  Plaintiff brought the present section 1983 action alleging denial of medical treatment.  Specifically, Plaintiff alleges that after his entry into CMCF, Defendant failed to prescribe the medications he had been receiving in the free world.  The undisputed evidence shows that Plaintiff entered CMCF on September 23, 2004.  During the intake screening process, Plaintiff informed the CMCF medical personnel that he suffered from injuries resulting from a motor vehicle accident several years earlier and that he had been taking Hydrocodone and blood pressure medication.  He also at this time received a test for tuberculosis, which was positive.  Plaintiff was placed in the special medical unit, where he stayed for the entire thirty-month period of

his incarceration at CMCF. At the *Spears* hearing[1], Plaintiff testified that he saw Dr. Walker at least once a week during his incarceration at CMCF, and that she provided medical treatment to him. His sole complaint is that she did not prescribe Hydrocodone, Darvocet, or blood pressure medication for him.

In support of her motion for summary judgment, Defendant has submitted an affidavit in which she states that during his stay at CMCF, Plaintiff's blood pressure never reached the threshold level for which medication is considered appropriate. She also explains that as a matter of policy, prison inmates are given narcotics only on an "as needed" basis and that Plaintiff never requested pain medication from her.

Where the wrong complained of is a denial of medical treatment, a prisoner must establish deliberate indifference to serious medical needs. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Proof of deliberate indifference requires the prisoner to show that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 725, 756 (5th Cir. 2001). Plaintiff has come forward with no evidence of such conduct on the part of Defendant. Plaintiff merely disagrees with the treatment he has received. "[A]n inmate's mere disagreement with the course of medical treatment does not give rise to a constitutional claim." *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992).

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985)

For these reasons, the court concludes that there is no genuine issue of material fact and that Defendant is entitled to judgment as a matter of law.  A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 25th day of August, 2008.

/s/ James C. Sumner
UNITED STATES MAGISTRATE JUDGE